IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABGINDGON DIVISION

Caleb Shane Tesmer,

    Plaintiffs,

vs.                                                                                   Civil Action No. 7:19CV587

Honeywell International, Inc.,                                      **JURY TRIAL DEMANDED**

    Defendant.

## COMPLAINT

COMES NOW Plaintiff CALEB SHANE TESMER, and for his Civil Complaint against Defendant, states as follows:

### I.   PARTIES

1. Caleb Shane Tesmer resides in Shelby, North Carolina.

2. Defendant Honeywell International, Inc., is a company organized and existing by the virtue of the laws of the state of Delaware with its principal place of business in the state of New Jersey and may be served with process by service on its registered agent at Corporation Service Company, 100 Shockoe Slip Fl 2, Richmond, VA 23219.

### II.   JURISDICTION AND VENUE

3. This lawsuit arises in part under the laws of Virginia and in part under the laws of the United States. Pursuant to 28 U.S.C. § 1332, this District Court of Virginia has original jurisdiction over this lawsuit, a civil action with a matter in controversy exceeding the sum of $75,000.00, based upon the complete diversity of the parties.

4. Venue is appropriate in this District Court of Virginia as Plaintiff lived in and was exposed to asbestos in and around the community of Galax, Virginia at all relevant times herein.

### III.     BACKGROUND

5.      Defendant Honeywell International, Inc., themselves or through their predecessors in interest, manufactured, supplied, sold or distributed asbestos-containing products to the work sites where Caleb Tesmer worked and was exposed to respirable asbestos fibers from such products.

6.      Plaintiff, Caleb Tesmer was employed from 1997 through 1999 at Vaughn Furniture Factory located in Galax, Virginia, was employed from 1999 through 2005 at Hardy Bros as a truck driver and self-employed from 2005 through 2006 as a truck driver.  Plaintiff was also employed from 2006 through 2008 with GNP Trucking, employed from 2008 through 2012 for Piedmont Transportation and employed from 2012 through 2015 for Speedway hauling fuel. Plaintiff also performed his own personal vehicle maintenance and assisted with maintenance on vehicles with his father and grandfather beginning in 1980.  Plaintiff currently resides in Earl, North Carolina.

7.      Plaintiff's father was employed at Container Corp. from 1974 through 1979 in Shelby, North Carolina as a Machine Operator and Plaintiff's father was also employed at Webb Furniture Company from 1980 to 2008 in Galax, Virginia.   The Plaintiff's father would on many occasions work with and around asbestos and asbestos-containing products. Dust created by working with and around asbestos and asbestos-containing products would permeate the person and clothing of the Plaintiff's father. This dust contained asbestos fiber. The Plaintiff's father would carry this asbestos dust on his person and clothing home with him where it would become airborne again.  The Plaintiff would be repeatedly exposed to this asbestos dust from his father's person and clothing.

8.      During the course of Mr. Tesmer's employment, during non-occupational work

projects (including, but not limited to, automotive repairs, while laundering clothes, maintenance and remodeling) and/or in other ways, and his father's employment, the Plaintiff, Caleb Shane Tesmer, was exposed to and inhaled asbestos fibers and/or asbestiform fibers emanating from certain products he was working with and around and/or his father was working with or around, which were manufactured, sold, distributed or installed by the Defendant Honeywell International, Inc.,

9. At all times herein set forth, the Defendant's products were being employed in the manner and for the purposes for which they were intended.

10. Caleb Shane Tesmer's exposure to and inhalation of the asbestos fibers and/or asbestiform fibers emanating from the above-mentioned products were completely foreseeable and could or should have been anticipated by the Defendant.

11. The Defendant knew or should have known that the asbestos fibers and/or asbestiform fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling them.

12. That on or about December 18, 2015, Mr. Tesmer first became aware that he had developed mesothelioma and at a later date learned that said disease was wrongfully caused.

### IV.     CLAIMS FOR RELIEF

**First Claim**
**Negligence**

13. Plaintiff repeats and re-alleges the foregoing paragraphs 1 through 10 as if fully set forth herein.

12. At all times herein relevant, the Defendant had a duty to exercise reasonable care and caution for the safety of the Plaintiff and others working with and around the products of the Defendant containing asbestos.

13. The Defendant failed to exercise ordinary care and caution for the safety of the Plaintiff in one or more of the following respects:

> (a) Included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons working with or around them would inhale asbestos fibers and/or asbestiform fibers;
>
> (b) Included asbestos in their products when the Defendant knew or should have known that said asbestos fibers and/or asbestiform fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling them;
>
> (c) Included asbestos in their products when adequate substitutes for the asbestos in them was available;
>
> (d) Failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling the asbestos fibers and/or asbestiform fibers contained in them;
>
> (e) Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling the asbestos fibers and/or asbestiform fibers in them; and
>
> (f) Failed to conduct tests on the asbestos containing products manufactured, sold, delivered or installed by the Defendant in order to determine the hazards to which workers might be exposed while working with the products.
>
> (g) Designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.
>
> (h) Designed respiratory protection systems, including masks and/or respirators, which failed to protect the Plaintiff from inhaling asbestos fibers and/or asbestiform fibers.

14. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendant mentioned above, the Plaintiff was exposed to and

inhaled, ingested or otherwise absorbed asbestos fibers and/or asbestiform fibers causing Plaintiff to develop mesothelioma, which will ultimately lead to his death; Plaintiff has been compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of Plaintiff's asbestos-induced disease and conditions; Plaintiff has experience, and will continue to experience now and in the future, great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers and/or asbestiform fibers; that as a further result of his asbestos-induced disease and conditions, the Plaintiff has been hindered, and will continue to be hindered now and in the future, from pursuing her normal course of employment, thereby losing large sums of monies which otherwise would have accrued to him and his estate; further, by reason of the sickness of the Plaintiff, his family has been deprived, and will continue to be deprived, of her means of support and society.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendant for a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiffs' injuries.

## Second Claim
## Willful and Wanton Misconduct

NOW COMES the Plaintiff, CALEB SHANE TESMER, by his attorneys, The Flint Law Firm, LLC, for his cause of action against the Defendant, state:

15. Plaintiff repeats and realleges Paragraphs 1 - 14 as if fully set forth herein.

16. Defendant is guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

> (a) Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated

that persons working with or around them would inhale asbestos fibers and/or asbestiform fibers;

(b)  Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in their products when the Defendant knew or should have known that said asbestos fibers and/or asbestiform fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling them;

(c)  Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in the products when adequate substitutes for the asbestos in them was available;

(d)  Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling the asbestos fibers and/or asbestiform fibers in them;

(e)  Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling the asbestos fibers and/or asbestiform fibers in them; and

(f)  Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to conduct tests on the asbestos containing products manufactured, sold or delivered by the Defendant in order to determine the hazards to which workers might be exposed while working with the products and/or conspired with others to conceal the results of such tests.

(g)  Intentionally or with a reckless disregard for the safety of the Plaintiff, designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

17. Plaintiffs repeat and reallege Paragraph 14 of Claim I within this Claim II.

WHEREFORE, Plaintiff prays judgment be entered against the Defendant for a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiff's injuries.

### Third Claim

**Conspiracy**

COMES NOW the Plaintiff, CALEB SHANE TESMER by his attorneys, Flint Law Firm, LLC and for his cause of action against the Defendant, states:

18. Plaintiff repeats and realleges Paragraphs 1 - 17 as fully set forth herein.

19. Plaintiff was exposed to and inhaled, ingested or otherwise absorbed large amounts of asbestos fibers and/or asbestiform fibers emanating from certain products family members and others were working with and around which were manufactured, sold or distributed by the Defendant named in Count I above.

20. The Defendant, HONEYWELL INTERNATIONAL INC., and/or their predecessors-in-interest in Madison County, Illinois, Cicero, Illinois, Chicago, Illinois, Libertyville, Illinois and Waukegan, Illinois as well as other locations, knowingly agreed, contrived, combined, confederated and conspired among themselves and with other entities, including Johns-Manville Corporation, Union Asbestos & Rubber Company, Pittsburgh-Corning Corporation and United States Gypsum, to cause Plaintiff's injury, disease and illness by exposing Plaintiff to harmful and dangerous asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.  Defendant and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Plaintiff of the opportunity of informed free choice as to whether to use said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products or to expose himself to said dangers.  In this connection, Plaintiff has sued HONEYWELL INTERNATIONAL, INC., in their capacity as co-conspirators. Defendant committed the above-described wrongs, some of which wrongful conduct occurred at the locations above, by willfully misrepresenting and suppressing the truth as to the risks and

dangers associated with the use of and exposure to Defendant's asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

21. In furtherance of said conspiracy, Defendant HONEYWELL INTERNATIONAL INC., performed the following overt acts:

(a) for many decades, Defendant, HONEYWELL INTERNATION, INC., individually, jointly, and in conspiracy with each other and other entities, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic and potentially deadly;

(b) despite the medical and scientific data, literature and test reports possessed by and available to Defendant, Defendant individually, jointly, and in conspiracy with each other and other entities, fraudulently, willfully and maliciously:

(1) withheld, concealed and suppressed said medical and scientific data, literature and test reports regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases from Plaintiff who was using and being exposed to Defendant's asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(2) caused to be released, published and disseminated medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases, which Defendant knew were incorrect, incomplete, outdated and misleading; and

(3) distorted the results of medical examinations conducted upon Plaintiff and workers such as Plaintiff who were using asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and being exposed to the inhalation of asbestos dust and fibers by falsely stating and/or concealing the nature and extent of the harm to which Plaintiff and workers such as Plaintiff have suffered.

(c) In addition, certain of the defendants, including but not limited to HONEYWELL INTERNATIONAL INC., contrived, combined, confederated and conspired

        through a series of industry trade meetings and the creation of organizations such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation) to establish authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance with such standards would not protect workers such as Plaintiff from contracting an asbestos disease or cancer.

(d)     In furtherance of said conspiracies, Defendant and/or their co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos exposure, and contributed to the maintenance of such Threshold Limit Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of workers such as Plaintiff even if complied with.

(e)     As the direct and proximate result of the false and fraudulent representations, omissions and concealments set forth above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce the Plaintiff to rely upon said false and fraudulent representations, omissions and concealments, to continue to expose himself to the dangers inherent in the use of and exposure to Defendant's asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and/or products which caused the release of respirable asbestos fibers and/or asbestiform fibers.

22.     Defendant individually, and as members of a conspiracy, and as agents of other co-conspirators were in a position of superior knowledge regarding the health hazards of asbestos and therefore the Plaintiff and others deciding to use said asbestos-containing products to which Plaintiff was exposed had a right to rely and did rely on the published reports commissioned by the Defendant regarding the health hazards of asbestos and the absence of published medical and scientific data regarding the hazards of asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

23.     As a direct and proximate result of Defendant's intentional publication of deceptive and misleading medical data and information, as described in the preceding paragraphs, upon which data the Plaintiff reasonably relied, the Defendant caused asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or

asbestos-containing products to be used by Plaintiff and Plaintiff inhaled or otherwise ingested hazardous asbestos dust, and/or will inhale or ingest hazardous asbestos dust, resulting in injuries.

24. Additionally, and alternatively, as a direct and proximate result of Defendant's actions and omissions as described above, the Plaintiff was caused to remain ignorant concerning the danger of human exposure to asbestos, resulting in damage to the Plaintiff by depriving the Plaintiff and workers such as Plaintiff, of opportunities to be aware of the hazards of asbestos exposure, and thus the opportunity to take proper safety precautions and/or avoid exposure to asbestos dust.  Because of this ignorance on the part of the Plaintiff, Defendant's failure to warn, Defendant's concealment from the Plaintiff of the alteration of their published test results, and the actions and omissions and concerted design and conspiracy of HONEYWELL INTERNATIONAL INC., some of which wrongful conduct occurred in Madison County, Illinois, and others, all as described above, the Plaintiff was exposed to asbestos and asbestos-containing products and/or machinery containing or calling for the use of asbestos and/or asbestos-containing products used at his places of employment and/or his family members' place employment and has inhaled or otherwise ingested hazardous asbestos dust resulting in her developing mesothelioma.

25. As a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendant mentioned above, the Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers and/or asbestiform fibers causing Plaintiff to develop mesothelioma, which will ultimately lead to his death; Plaintiffs have been compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of Plaintiff's asbestos-induced disease and conditions; Plaintiff has

experience, and will continue to experience now and in the future, great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers and/or asbestiform fibers; that as a further result of her asbestos-induced disease and conditions, the Plaintiff has been hindered, and will continue to be hindered now and in the future, from pursuing his normal course of employment, thereby losing large sums of monies which otherwise would have accrued to him and her estate; further, by reason of the sickness of the Plaintiff, his family has been deprived, and will continue to be deprived, of his means of support and society.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendant for a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiffs' injuries.

### Forth Claim
### Exemplary Damages

COMES NOW the Plaintiff, CALEB SHANE TESMER by his attorneys, Flint Law Firm, LLC and for his cause of action against the Defendant, states:

26. Plaintiff repeats and re-alleges the foregoing paragraphs 1 through 25 as if fully set forth herein.

27. The actions and inactions of Defendant was of such character as to make the Defendant subject to exemplary damages.

28. The conduct of Defendant was malicious, willful, reckless, wanton, fraudulent or in bad faith and otherwise indifferent to the rights, welfare, and safety of Caleb Tesmer.

29. As a result of the conduct of Defendant, Plaintiff herein seeks exemplary damages in such an amount as to be found to be proper under the facts and circumstances.

30. Plaintiff hereby invokes the discovery rule and would show unto this Court that Mr. Tesmer did not know he had an asbestos related disease nor should he have known prior to

three years before filing this lawsuit.

31.     WHEREFORE, Plaintiffs pray judgment be entered against the Defendant for a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS, which will fairly and reasonably compensate for the Plaintiff's injuries and that judgment be entered in their favor and against the Defendant, as follows:

All damages allowed under Virginia tort law;

Costs of suit and attorneys' fees as allowed by law;

Pre-judgement and post judgment interest as allowed by law;

And for such further relief as the Court and fact-finder deems just and proper.

August 27, 2019                         Respectfully submitted,

                                        By: /s/ Willard J. Moody_____
                                        Willard J. Moody, Jr., Esquire (VSB #22866)
                                        THE MOODY LAW FIRM, INC.
                                        500 Crawford Street, Suite 200
                                        Portsmouth, VA 23704
                                        (757) 393-4093
                                        will@moodyrrlaw.com

                                        Luke Pfeifer, Esquire (*Pro Hac* pending)
                                        FLINT LAW FIRM, LLC
                                        222 E. Park Street, Suite 500
                                        Edwardsville, IL 62025
                                        (618) 288-4777
                                        lpfeifer@flintlaw.com

                                        ATTORNEYS FOR THE PLAINTIFFS